

# The Attorney General of Texas

December 31, 1984

"M MATTOX
:torney General

:preme Court Building
r. O. Box 12548
Austin, TX. 78711-2548
2/475-2501
llex 910/874-1367
Telecopier 512/475-0266

14 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
15/533-3484

1001 Texas, Suite 700
louston, TX. 77002-3111
13/223-5886

06 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

1309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Frank Blazek
Criminal District Attorney
Walker County Courthouse
1100 University Avenue
Huntsville, Texas    77340

Opinion No. JM-287

Re: Whether a state legislator may be compensated as court-appointed counsel under article 26.055 of the Code of Criminal Procedure under certain circumstances

Dear Mr. Blazek:

You have requested our opinion as to whether a state legislator may be compensated as court-appointed counsel under article 26.055 of the Code of Criminal Procedure. That statute provides, in pertinent part:

> Section 1. A county in which a facility of the Texas Department of Corrections is located shall pay from its general fund only the first $250 of the aggregate sum allowed and awarded by the court for attorneys' fees, investigation, and expert testimony under Article 26.05 toward defending a prisoner committed to that facility who is being prosecuted for an offense committed in that county while in the custody of the department if the prisoner was originally committed for an offense committed in another county.

> Sec. 2. If the fees awarded for court-appointed counsel in a case covered by Section 1 of this article exceed $250, the court shall certify the amount in excess of $250 to the Comptroller of Public Accounts of the State of Texas. The comptroller shall issue a warrant to the court-appointed counsel in the amount certified to the comptroller by the court.

Craig A. Washington, who is at present a member of the Texas Senate, accepted appointment in 1981 as counsel to represent a defendant who was indicted for murder of a prison guard while the defendant was incarcerated in the Texas Department of Corrections. By order of July 17, 1984, District Judge Darrell Hester directed Walker

County and the state of Texas to pay to Senator Washington "the sum of $50,000.00 as attorney's fees and incurred costs" in the criminal action. By supplemental order dated September 19, 1984, Judge Hester directed Walker County and the state to pay an additional $10,054.32 to Senator Washington "for reasonable and necessary expenses and costs."

Governor Mark White approved a grant to Walker County for $50,000 for the purpose of compensating Senator Washington for his legal services. Because of this grant, the comptroller has refused to pay Senator Washington as directed by the court and has advised him to collect these funds from Walker County.

In Attorney General Opinion O-1847 (1940), this office was asked by the county attorney of Webb County to hold that a county judge had exceeded his authority in refusing to perform a statutory duty on constitutional grounds. In response, the attorney general declared:

> It is not within the proper scope of the functions of this department to serve as a quasi appellate tribunal for the correction of what are conceived to be errors committed by the courts of this state. The method for reviewing and correcting such errors does not lie in an appeal to this department for an opinion upon a disputed question, but in action by the proper reviewing tribunal.

The two orders of Judge Hester have directed the state of Texas and Walker County to pay a specific sum of money. These orders are subject, of course, to appellate review in the courts, and collateral litigation is possible. As a matter of policy, this office will not exercise its quasi-judicial function to render opinions when matters are in litigation before the courts or have been definitively resolved through judicial action. Accordingly, we respectfully decline to address your request for an opinion on this matter.

## SUMMARY

The policy of this office is not to determine the validity of the payment of attorneys fees when this matter is the subject of adjudication in the courts.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton